EDWARDS, Respondent, *v.* BUTTE & SUPERIOR MINING CO., Appellant.

(No. 6,342.)

(Submitted June 12, 1928.   Decided July 21, 1928.)

[270 Pac. 634.]

MR. JUSTICE GALEN delivered the opinion of the court.

Under the Workmen's Compensation Act (Rev. Codes 1921, secs. 2816–3033), on November 19, 1927, the district court of Silver Bow county, by its judgment, awarded the claimant, Rose Edwards, $7 per week for a period of 400 weeks, because of major dependency upon her son Kenneth Edwards, eighteen years of age, who was on June 30, 1926, accidentally killed during the course of his employment by the defendant company in the "Black Rock mine," at Butte. The case was brought before the district court on appeal by the claimant from the board's decision, rendered April 22, 1927, awarding her as such major dependent the sum of $4.61 per week for a period of 400 weeks from the date of her son's death, which board decision was rendered on a rehearing granted the claimant after it had first investigated the case, determined her dependency, and on November 3, 1926, made an award to her of the sum of $1.50 per week for a period of 400 weeks.

The case was decided by the district court solely upon the record made before the board, and, neither of the parties being satisfied, cross-appeals have been perfected. In disposition of this case we are required only to determine the amount of compensation to which the plaintiff is entitled under the Workmen's Compensation Act as a major dependent.

An appeal from the decision of the Industrial Accident Commission to the district court is by statute authorized (sec. 2960, Rev. Codes 1921), and upon such an appeal the court may set aside the board's findings, conclusions, orders or requirements, or modify or change the same, as law and justice shall require. (Sec. 2961, Id.) On appeal, this court is possessed with like authority, and it now devolves upon us to interpret and apply the law to the undisputed facts disclosed by the record.

The evidence is clear, undisputed and convincing, and need not be here reviewed at length. Suffice it to say, the claimant is a widow with five children, three of whom are under age. At the time of the death of her son, and of the hearing before the board, she had no property nor means of support, save a widow's pension of $16 per month from the federal government because of her husband having served in the Spanish-American War, and $40 per month paid her for board and lodging by her eldest son, Orlando, who was past his majority. She was forty-seven years of age, physically frail; the condition of her health rendering it impossible for her to accept employment, or to do any work other than that requisite in the conduct of her household. The oldest child in the family, Vineta, past her majority, was in poor health, and lived in San Francisco, California, where she held a clerical position, but contributed nothing to the family support. The younger children, Deloyd, fifteen years of age, and Edward Earle, twelve years old, were attending school; the latter being in poor health. Deloyd sold papers and did other odd jobs, earning as much as $7 per week, intermittently, which he gave to his mother for the family purse.

After the accident, Orlando, who was employed in the same mine, quit his employment, and because of ill health removed to California, and did not subsequently contribute anything to his mother's support. Prior to the time Kenneth had been given such employment Orlando had in contemplation the giving up of his work and moving to California because of ill health, but wished first to insure support for his mother.

On or about September 25, 1925, Kenneth, then sixteen years of age, was committed to the State Industrial School at Miles City, for burglary. However, prior thereto, he had worked and earned from $7 to $15 per week, which he had contributed to the support of the family. During the time he was at Miles City he was not able to and did not contribute anything to the family support. Shortly before June 1, 1926, arrangements were perfected for the discharge of Kenneth from the Miles City school, in order that he might secure employment and thereby provide for his mother's support, to which he had agreed with his brother Orlando and with his mother. Through the efforts of his brother Orlando, Kenneth was given employment at the Black Rock mine, as a motorman, on June 25, 1926. Orlando was engaged in like employment in the same mine until the time of the accident. Five days after he had commenced work, on June 30, 1926, Kenneth lost his life during the course of his employment in consequence of the mine operator's negligence. He had earned but $23, which amount the claimant has since collected. Before his death Kenneth had promised and agreed to give all of his earnings to his mother, and she lived in expectancy thereof.

Section 2866 of the Revised Codes of 1921, as amended by ▆▆▆ Chapter 121, Laws of 1925, provides: " '*Major Dependent' Defined.* 'Major dependent' means if there be no beneficiary as defined in the preceding section, the father and mother, or the survivor of them, if actually dependent upon the decedent at the time of his injury, then to the extent of

such dependency, not to exceed, however, the maximum compensation provided for in this Act.''

And section 2915, as amended by the same chapter, reads: ''Where the injury causes death, fifty per centum of the wages received at the time of the injury to his beneficiaries, if any, residing within the United States at the date of the happening of the injury or if residing outside of the United States, forty per centum of such compensation, or if none, then fifty per centum of the wages received at the time of the injury to his major dependents, if any, if residing in the United States, at the date of the happening of the injury, or if none, then thirty per centum of the wages received at the time of the injury to his minor dependents, if any, if residing within the United States at the date of happening of the injury, subject to a maximum compensation of fifteen dollars per week and a minimum compensation of seven dollars per week for a period not exceeding four hundred weeks: Provided that if at the time of the injury the employee received wages of less than eight dollars per week, the full amount of such wages per week, for a period not exceeding four hundred weeks, and, provided further that compensation payable to major or minor dependents shall not exceed the amount of dependency.''

Prior to the enactment of Chapter 121 of the Laws of 1925, section 2866 made provision for the allowance of compensation to a major dependent ''if actually dependent to any extent upon the decedent at the time of his injury,'' and section 2915 fixed the maximum allowance at $12.50 per week and the minimum at $6 per week for a period not exceeding 400 weeks. The amendment of 1925 limits the amount to be paid major dependents ''*to the extent of the dependency*,'' and similar addition was made to section 2915, in order to harmonize the enactments. Thus the legislative intent to limit the amount of compensation to be awarded to the extent of the dependency is made clear.

The statutes are plain in the language employed, unambiguous, the legislative intent clearly indicated, as applied to the case before us, and simply declare that, where such a major dependent was actually dependent upon the decedent at the time of the injury, then compensation shall be allowed to the extent of such dependency, not exceeding the maximum compensation prescribed. (Sec. 2866.) When the injury causes death, then the major dependent shall be entitled to fifty per cent of the wages received by the employee at the time of the injury, not exceeding $15 per week nor less than $7 per week, provided, further, that the compensation payable to a major dependent *"shall not exceed* the amount of the dependency.'' (Sec. 2915, as amended.) Under the terms of the Act, unless the claimant as a major dependent was actually dependent upon the employee at the time of his death, she does not come within the protecting benefits of the statute, however unjust or inequitable it may appear (*Roberts* v. *Whaley*, 192 Mich. 133, L. R. A. 1918A, 189, 158 N. W. 209), and she may only collect on the basis of the actual dependency shown to exist.

Mr. Honnold, in his treatise on Workmen's Compensation, says: ''Compensation Acts are founded on the theory of compensation, not only to the injured workman, but to his dependents in case of his death. While ordinarily no exact standard for the determination of dependency is prescribed by statute, and it is difficult, if not impossible, to formulate such a standard, it may be said in general terms that a 'dependent' is one who looks to another for support, one dependent on another for the ordinary necessities of life, for a person of his class and position, and that, to be entitled to compensation as a dependent, one need not deprive himself of the ordinary necessities of life to which he has been accustomed, but he cannot demand compensation merely to add to his savings or investments. It follows that dependency does not depend on whether the alleged dependents could support themselves without decedent's earnings, or so reduce their

expenses that they would be supported independent of his earnings, but on whether they were in fact supported in whole or in part by such earnings, under circumstances indicating an intent on the part of deceased to furnish such support.'' (Vol. 1, sec. 70.)

Within the meaning of the statute, a dependent is one who is sustained by another, or who relies for support upon the aid of another, consistent with the dependent's necessities and position in life. (Harper on Workmen's Compensation, 2d ed., sec. 128.) The test is whether the claimant may be said to have relied upon the employee's earnings for support. (Id., secs. 128, 136; *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 93 Atl. 245; *Benjamin Shaw Co.* v. *Palmatory,* 7 Boyce (Del.), 197, 105 Atl. 417; *Pratt Co.* v. *Industrial Com.*, 293 Ill. 367, 127 N. E. 754.) However, question of the claimant's dependency being one of fact, since it has been resolved by the board in favor of the claimant, based on substantial evidence, its findings are conclusive and will not be disturbed on appeal (Harper on Workmen's Compensation, 2d ed., sec. 128), and determination of dependency and the extent thereof should be made as of the date of the accident to the employee, and the dependent's rights are fixed as of that date under the conditions then shown to exist (*Miller* v. *Riverside Storage & Cartage Co.*, 189 Mich. 360, 155 N. W. 462).

Applying the law to the facts, the claimant was entitled to her son's support, and placed reliance thereon at the time of the accident, so that, whether he had in fact worked five hours or five days when killed, she was entitled to compensation as a major dependent on the basis of his earnings.

But in what amount? In our opinion, within the intent of the statute, she was wholly dependent on the deceased at the time of the accident, as her son Orlando merely paid her for board and lodging while living with her, and made no other contribution to the family chest. He was not obligated to board and lodge with her, and the condition of his health was such that he was about to leave her and withdraw

all assistance. In consequence, Kenneth obtained employment and agreed to thereafter support the claimant, who placed reliance thereon. Her son Orlando did in fact leave her and withdraw his assistance immediately after the accident. Her government pension was inadequate to sustain her. From the evidence it is clear that she could not exist independently of the support of her deceased son. It cost her, for rent and other living expenses, $100 per month, conservatively estimated.

However, defendant's learned counsel argue that under no possible interpretation of the evidence could the board or the court have found the claimant entirely dependent upon the deceased at the time of his death, since admittedly his mother was then receiving $16 per month as a widow's pension from the federal government. Claim is made that the evidence shows only partial dependency, and therefore no allowance should be made by the board or the court exceeding the actual extent of the dependency, fixed by the board at $4.61 per week. This argument is fallacious, for it is manifest her pension alone would not support her, and, making allowance for it, her dependency on the deceased exceeded the maximum compensation by the law provided, so that she was actually dependent upon the decedent in amount greater than $15 per week. Add $16 per month to $60 for the same period, and we have $76, less than the amount required for plaintiff's support; so that at the time of the accident she was actually dependent on her son's earnings in an amount exceeding the maximum allowance authorized.

Provision is made in the Act itself that it must be by the courts liberally construed (sec. 2964, Rev. Codes 1921), and obviously the intention of such requirement is for the benefit and protection of beneficiaries under the law. So construed, we have no hesitancy in holding the claimant entitled to compensation as a major dependent to the extent of one-half of the wages earned by her son at the time of the accident resulting in his death, not exceeding the maximum amount

provided. It appears that the wages to be earned by the deceased amounted to the total sum of $30.87 per week of six and one-half days. Accordingly, the claimant is entitled to payment at the maximum rate of $15 per week for a period of 400 weeks.

It is plain that the statute was misconstrued and misapplied by both the board and the court, and therefore the judgment is reversed and the cause remanded to the district court of Silver Bow county, with directions to enter judgment in plaintiff's favor, consistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.

Rehearing denied October 1, 1928.