STATE EX REL. LONEY, RELATOR, v. INDUSTRIAL ACCIDENT BOARD ET AL., RESPONDENTS.

(No. 6,667.)

(Submitted March 17, 1930. Decided March 26, 1930.)

[286 Pac. 408.]

*Messrs. Gibson & Smith,* for Relator, submitted a brief; *Mr. Fred. L. Gibson* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. C. N. Davidson,* Assistant Attorney General, for Respondent; *Mr. Davidson* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Mandamus. During the months of May, June, July and August, 1928, relator was employed by one J. L. McLaughlin in road making. In August the employer was building for the National Forest Service a section of road eight miles long extending from near Babb in Glacier county westerly into Glacier National Park, approximately five miles of the road being outside, and three miles inside the Park. On August 29 relator was accidentally injured while in the course of his employment by falling under a truck, which ran over him. The accident occurred upon the road within the boundaries of the Park. The contract of employment was made in Montana, and both employer and employee are residents of this state.

On the day following the accident the employer made a report of the accident to the Industrial Accident Board, following which relator filed with the board his claim for compensation. On January 18, 1930, the board dismissed relator's claim upon the sole ground that some years ago the attorney general gave an opinion that the Workmen's Compensation Act (Rev. Codes 1921, sec. 2816 et seq.) of this state has no application to employers and employees within Glacier National Park. Relator made timely application to the board

to set aside and vacate the order of dismissal and to grant him a rehearing, but this application was denied on February 3, 1930. Relator seeks a writ of mandate to compel the board to hear and determine his claim upon the merits.

The attorney general's opinion, upon which the board made its decision denying relator's application, is based upon the fact that in 1911 the legislative assembly purported to cede to the United States exclusive jurisdiction, with certain reservations, over the territory then, or which might thereafter be, included in Glacier National Park (Chap. 33, Laws 1911, sec. 22, Rev. Codes 1921), and the Act of Congress purporting to assume jurisdiction over the Park (sec. 163, Title 16, U. S. C. A.). The attorney general held that the Workmen's Compensation Act of this state has not any extraterritorial operation, that it relates only to accidents occurring within this state, and that, while Glacier National Park is within this state, except as to the limited powers reserved in the Act of cession, this state has not any jurisdiction over it.

Whether the state has the right to cede jurisdiction to the ██ extent it assumed to cede it, or whether Congress has the right to assume jurisdiction to the extent to which it has assumed it, is not necessary to be determined in this proceeding. It may some day become a subject of constitutional controversy. (*Arlington Hotel Co.* v. *Fant,* 278 U. S. 439, 73 L. Ed. 447, 49 Sup. Ct. Rep. 227.)

Upon the facts presented in this case, the present attorney general's office is convinced that relator's application should be granted.

The National Forest Service is not a public corporation ██ within the meaning of section 2840, Revised Codes of 1921, which provides in part: "Where a public corporation is the employer, or any contractor engaged in the performance of contract work for such public corporation, the terms, conditions, and provisions of compensation plan No. 3 shall be exclusive, compulsory, and obligatory upon both employer and employee." (See sec. 2886, Rev. Codes 1921.) This

obviates the question, in some of the adjudicated cases deemed material, whether the Act as respects the parties here is compulsory. Moreover, relator's pleading, admitted, is that employer and employee had elected to be and were bound by plan No. 3 of the Act.

Whether the Act, where a public corporation, or a contractor, carrying on for a public corporation by contract or otherwise, is involved, has any extraterritorial operation, may present a question not touched upon in this query.

Conceding, for the sake of argument only, that the three miles of road within the Glacier National Park is beyond the territorial jurisdiction of this state for many purposes, we have no doubt that the provisions of the Workmen's Compensation Act cover this case. Had the accident occurred between Babb and the Park line, there could be no doubt of it. The employer and employee, citizens of Montana, are governed by a contract made in Montana. They elected to be bound by plan 3, a statutory enactment for the benefit of employer and employee alike. The statute entered into and became a part of their contract. (*Home State Bank* v. *Swartz*, 72 Mont. 425, 234 Pac. 281; *State* v. *Rosman*, 84 Mont. 207, 274 Pac. 850; *American Surety Co.* v. *Butler*, 86 Mont. 584, 284 Pac. 1011; *Gooding* v. *Ott*, 77 W. Va. 487, L. R. A. 1916D, 637, 87 S. E. 862; *Smith* v. *Van Noy Interstate Co.*, 150 Tenn. 25, 35 A. L. R. 1409, 262 S. W. 1048.) The accident actually happened within this state.

The authorities from other states are not directly in point by reason of the fact that their statutes are not the same as ours, but we have found them helpful in arriving at a decision of the question.

The weight of authority in this country sustains the assertion that a Workmen's Compensation Act will apply to injuries to workmen employed in the state and injured while temporarily out of its limits, unless there is something in the Act making it inapplicable or clearly denying the right of the employee to recover in such case. (*Grinnell* v. *Wilkinson*, 39

R. I. 447, Ann. Cas. 1918B, 618, L. R. A. 1917B, 767, 98 Atl. 103, 106; *Gooding* v. *Ott,* supra; *Kennerson* v. *Thomas Towboat Co.,* 89 Conn. 367, L. R. A. 1916A, 436, 94 Atl. 372.)

In *State ex rel. Chambers* v. *District Court,* 139 Minn. 205, 3 A. L. R. 1347, 166 N. W. 185, 187, the supreme court of Minnesota said: "When a business is localized in a state there is nothing inconsistent with the principle of the Compensation Act in requiring the employer to compensate for injuries in a service incident to its conduct sustained beyond the borders of the state. The question of policy is with the legislature. It may enact an elective Compensation Act bringing such result if it chooses."

Commenting upon the operation of the Rhode Island Act, the supreme court of that state said in *Grinnell* v. *Wilkinson,* supra: "It intended that the employee should know what compensation he or his dependents would receive in the event of injury, and that payment should be made speedily by a procedure at once simple and inexpensive. It intended that the employer should know his liability in this regard, and so might include it among the items charged to operation. If our Act intends its contracts of employment to include compensation for injuries occurring only within our jurisdiction, it manifestly defeats its own ends."

The Montana Act does not carry a necessary inference against extraterritorial operation in a proper case. Had the lawmakers intended thus to confine its operation, it would have been easy to have said so, but they did not. (*Pierce* v. *Bekins Van & Storage Co.,* 185 Iowa, 1346, 172 N. W. 191.)

Viewing the rationale of the Act, and bearing in mind the liberal interpretation with which it should and must be construed (*Dosen* v. *East Butte C. Min. Co.,* 78 Mont. 579, 254 Pac. 880; *Edwards* v. *Butte & Superior Min. Co.,* 83 Mont. 122, 270 Pac. 634), we are satisfied that they did not so intend. The law contemplates that the burden of caring for injured workmen and their dependents shall not fall upon the public in general but upon the industry. (*Shea* v. *North-Butte*

*Min. Co.*, 55 Mont. 522, 179 Pac. 499; *Betor* v. *National Biscuit Co.*, 85 Mont. 481, 280 Pac. 641.)

While section 2847 declares: "This Act is intended to apply to all inherently hazardous works and occupations within this state," we do not see that this necessarily excludes its operation beyond the limits of the state where the employee, in the furtherance of his employer's business which is localized in Montana, and which he is following in passing over the state line, meets with an accidental injury. The contract between employer and employee here contemplated that the road would extend into the Park. The employee might or might not work on that portion of the road. The employer's business was localized in this state. The employee was acting in the course of and within the scope of his employment, furthering his employer's business, when he performed work within the Park and received his injury. He should be compensated precisely as if he were injured within the state but not within the limits of the Park.

The intent of the Act is to afford protection to all Montana employers and employees who comply with its provisions, and, as the authorities heretofore cited show, if in this instance simply because the employee was hurt while within the limits of the Park he cannot recover, the beneficent purpose of the Act would be defeated.

The board erred in not retaining jurisdiction of the application and hearing the case upon the merits. The denial of jurisdiction by the board raises a preliminary question of law, and mandamus is the proper remedy to compel the board to act. (*Raleigh* v. *District Court*, 24 Mont. 306, 81 Am. St. Rep. 431, 61 Pac. 991; *State ex rel. Arthurs* v. *Board of County Commissioners*, 44 Mont. 51, 118 Pac. 804; *State ex rel. Payne* v. *District Court*, 53 Mont. 350, 165 Pac. 294.)

Let a peremptory writ of mandate issue, commanding the Industrial Accident Board of the state of Montana and the members thereof forthwith to exercise jurisdiction over rela-

tor's claim for compensation from the industrial accident fund, and to hear and determine his claim upon the merits.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN concur.