GARBUTT *v.* STOLL.

1. WORKMEN'S COMPENSATION—CONCLUSIVE PRESUMPTION OF DEPENDENCY.

   Under the workmen's compensation act, a wife, and children under 16 years of age, or over that age if physically or mentally incapacitated from earning a living, are conclusively presumed to be dependents (2 Comp. Laws 1929, § 8422).

2. SAME—TOTAL DEPENDENCY OF WIDOW ON SON—QUESTION OF FACT.

   Whether mother of employee who suffered fatal accidental injuries while in defendant's employ was or was not totally dependent upon deceased *held*, a question of fact to be determined by the evidence showing her to have been a widow receiving $55.63 per month at time of son's death from late husband's former employer (2 Comp. Laws 1929, § 8422).

3. SAME—DEPENDENCY.

   The workmen's compensation act does not contemplate support for any save a dependent of a deceased employee and one who has sufficient means at hand for supplying present necessities, according to his position or station in life, is not a dependent (2 Comp. Laws 1929, § 8422).

4. SAME—DEPENDENCY—QUESTION OF FACT.

   Dependency, except as otherwise provided in the workmen's compensation act, is a question of fact to be determined from the amounts, frequency, and continuity of actual contributions of cash or supplies, the needs of claimant, and legal or moral obligation of employee (2 Comp. Laws 1929, § 8422).

5. SAME—TOTAL DEPENDENCY—FINDING OF DEPARTMENT.

   In a widow's proceeding to recover compensation from son's employer as for total dependency, finding of department of labor and industry that upon death of plaintiff's husband deceased, an adult unmarried son, became the head of the family, was the only one to whom she could look for support and contributed money which was necessary to, and used for, her support at the time of the accident *held*, supported by record (2 Comp. Laws 1929, § 8422).

6. SAME—WIDOWED MOTHER OF DECEASED EMPLOYEE—DEPENDENCY—VOLUNTARY CONTRIBUTIONS.

Award to widowed mother of defendant's deceased employee who was her only remaining child, as for total dependency, based on finding that son, an adult unmarried man, was her sole legal support, notwithstanding his income as painter during period he worked for defendant was less than temporary voluntary contributions given her in continuing pension to her late husband by latter's employer, such contributions not affecting the relation of dependency (2 Comp. Laws 1929, § 8422).

7. SAME — DEPENDENCY — VOLUNTARY CONTRIBUTIONS — INTENT OF ACT.

Provision of workmen's compensation act that no savings, benefit derived from any other source, or insurance of an injured employee nor any contribution made by him to any benefit fund or protective association independent of the act should be taken into consideration in determining compensation payable thereunder *held*, some evidence of intent of legislature that voluntary contributions, made by former employer of widow's late husband, should not be considered in determining matter of her dependency upon her son who sustained fatal, accidental injuries while employed as painter by defendant (2 Comp. Laws 1929, §§ 8422, 8429).

SHARPE and POTTER, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted October 5, 1938. (Docket No. 35, Calendar No. 40,200.) Decided February 2, 1939.

Mrs. Byrd Garbutt presented her claim against William Stoll, employer, and State Accident Fund, insurer, for compensation for death of her son. Award to plaintiff. Defendants appeal. Affirmed.

*Joseph A. Cassese,* for plaintiff.

*Harry F. Briggs* (*Roy Andrus,* of counsel), for defendants.

NORTH, J.    Plaintiff, Mrs. Byrd Garbutt, seeks to recover compensation for the death of her son,

George Garbutt, Jr., upon whom she claims to have been totally dependent. The deputy commissioner found plaintiff was totally dependent and entered an award of $18 per week. The award was affirmed by the department and defendants appeal to this court.

It is admitted that George Garbutt, Jr., suffered an accidental injury in the course of his employment on June 26, 1936, and that he died as a result of such injury on the same day. The only question presented is whether plaintiff was totally dependent on her son at the time of his death.

Under the statute (2 Comp. Laws 1929, § 8422, Stat. Ann. § 17.156) a wife, and children under the age of 16 years, or over that age if physically or mentally incapacitated from earning a living, are conclusively presumed to be dependents.

"In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury. Where a deceased employee leaves a person or persons wholly dependent upon him or her for support, said person or persons shall be entitled to the whole death benefit."

Therefore, whether plaintiff was or was not totally dependent upon deceased was a question of fact to be determined by the evidence. *McLaughlin* v. *Antrim County Road Commission,* 266 Mich. 73. The facts pertinent to the determination of plaintiff's dependency are as follows:

Mrs. Garbutt was a widow, her husband having died in October of 1935. He was a former Michigan Bell Telephone Company employee and was receiving a pension of $55.63 per month. On his death the telephone company made a lump sum payment to Mrs. Garbutt of $500 of which $389.24 was used to pay funeral expenses. The telephone company also con-

tinued the monthly payments of $55.63 until October 1, 1936. Mrs. Garbutt testified that after the death of her husband her son supported her, that he "took his father's place, went ahead and paid everything." The testimony shows that plaintiff's son worked for the Detrola Radio Corporation in 1935 and January of 1936, and that from July 1, 1935, to January 31, 1936, he received a little over $240 from such employment. He commenced working for defendant William Stoll on March 28, 1936, as a painter. The work was intermittent, depending on whether the employer had work and on weather conditions. Deceased actually worked 145 hours from March 28th to June 26th, the date of the fatal accident. His rate of pay was 80 cents per hour and his earnings $116 during this period, of which only about $55 was actually paid to him during his lifetime. Mr. Stoll testified that during this three months' period deceased also worked 13 or 14 days for others. When deceased was not employed by the Detrola Radio Corporation or by Mr. Stoll he did other work when he could find it. Mrs. Garbutt testified: "He was looking here and there, and he would pick up little odd jobs painting for the neighbors."

It is contended by the appellants that since deceased's total earnings for the year preceding his death were less than the contributions made to plaintiff by the Michigan Bell Telephone Company that plaintiff was not totally dependent on her son and, therefore, the award of $18 per week should be vacated.

The compensation act does not contemplate support for any save the dependent and one who has sufficient means at hand for supplying present necessities, according to his position or station in life, is not a dependent. Dependency, except as otherwise

provided in the statute, is a question of fact to be determined from the amounts, frequency, and continuity of actual contributions of cash or supplies, the needs of claimant, and legal or moral obligation of employee. *Maryland Casualty Co.* v. *Campbell,* 34 Ga. App. 311 (129 S. E. 447).

The record in this case supports the finding of the department that on the death of her husband, plaintiff's son became the head of the family; that he was the only one to whom plaintiff could look for support; that he contributed sums of money which were used for her support; and that she was in a position where such sums of money were necessary for her support at the time of the accident. But the question with which we are confronted is whether the rather substantial but temporary monthly payments voluntarily made to plaintiff by the telephone company for a year following the death of her husband and for about three months following the death of her son changed her status from that of a total dependent to one of partial dependency. The department held not, and gave the following reasons in justification of such holding:

"We think upon the death of his father the deceased, an adult unmarried son and only remaining child of the plaintiff, became her only legal means of support. We believe the contributions made by the Bell Telephone Company, when they were under no obligation to make them, were a gratuity out of pure sympathy for the widow. She could not rely upon these contributions for her support and maintenance. The Bell Telephone Company could stop the contributions at will. At most, these contributions were mere gifts in an effort to relieve temporarily a very burdensome situation. Plaintiff had no assurance of their continuance and in fact the gifts actually con-

tinued for only a year after her husband's death. In reality the deceased son was the sole person to whom the plaintiff could legally look for her maintenance. The mere fact that some organization voluntarily gave her some gifts cannot alter the situation in which she was placed upon her husband's death.''

When her son died Mrs. Garbutt was 50 years of age, she had not been employed outside of the home since her marriage in 1901, had no income, investments or other means of support, and had to look to and was solely dependent upon her son. While it is true that the money received from the telephone company, together with the earnings of her son, was used for her support and maintenance of the home, still we do not feel that these temporary, voluntary payments should have the effect of changing her status as a total dependent. There was no reasonable expectancy of the continuance of these gratuitous payments and in fact they were suspended about three months after the death of her son and more than a year prior to the hearing before the department. They were ''mere gifts in an effort to relieve temporarily a very burdensome situation.'' To hold in accordance with the contention of appellants would in effect deprive plaintiff of a substantial award, to which she is entitled as a total dependent, merely because a former employer of her husband voluntarily continued payment of a pension for a year after her husband's death. Such a holding would defeat the purpose of the compensation law which in part is designed to provide compensation to dependents of fatally injured workmen. There is evidence to support the department's finding that the widow was in fact totally dependent, and the finding must be sustained.

While a claim of total dependency asserted under such a factual situation as appears in the instant case does not seem to have been passed upon in this jurisdiction, we find courts of other states have rendered decisions in harmony with the conclusion reached herein by the department.

"Total dependency exists where the dependent subsists entirely on the earnings of the workman. But in applying this rule courts have not deprived claimants of the rights of total dependents, when otherwise entitled thereto, on account of temporary gratuitous services rendered them by others, or on account of occasional financial assistance received from other sources, or on account of other minor considerations or benefits which do not substantially modify or change the general rule as above stated." *Bloomington-Bedford Stone Co.* v. *Phillips,* 65 Ind. App. 189 (116 N. E. 850).

See, also, *William's Case,* 122 Me. 477 (120 Atl. 620); *Blue Diamond Coal Co.* v. *Frazier,* 229 Ky. 450 (17 S. W. [2d] 406); *State, ex rel. Splady,* v. *District Court of Hennepin County,* 128 Minn. 338 (151 N. W. 123); *McKesson-Fuller-Morrison Co.* v. *Industrial Commission,* 212 Wis. 507 (250 N. W. 396).

Although literally it may not be applicable, the intent of the legislature and the purpose of the compensation act in the particular involved in the instant case is, at least to some extent, indicated by the following statutory provision:

"No savings or insurance of the injured employee, nor any contribution made by him to any benefit fund or protective association independent of this act, shall be taken into consideration in determining the compensation to be paid hereunder, nor shall benefits derived from any other source than those paid or caused to be paid by the employer as herein pro-

vided, be considered in fixing the compensation under this act.'' 2 Comp. Laws 1929, § 8429 (Stat. Ann. § 17.163).

The award of compensation to plaintiff as a total dependent is affirmed. Appellee will have costs.

BUTZEL, C. J., and WIEST, BUSHNELL, CHANDLER, and MCALLISTER, JJ., concurred with NORTH, J.

POTTER, J. (*dissenting*). Plaintiff seeks to recover compensation for the death of her son, George Garbutt, Jr., upon whom she claims to have been totally dependent. The deputy commissioner of the department of labor and industry found plaintiff was totally dependent upon deceased and entered an award of $18 a week. The award was affirmed by the department. Defendants appeal.

George Garbutt, Jr., suffered an accidental injury arising out of and in the course of his employment June 26, 1936, and died on the same day as a result of the injury. His mother, Mrs. Garbutt, was a widow, her husband having died in October, 1935. Her husband had been a former Michigan Bell Telephone Company employee receiving a pension of $55.63 a month. On his death, the telephone company made a lump sum payment to Mrs. Garbutt of $500, of which $389.24 was used to pay funeral expenses, and it continued to pay the monthly payments of $55.63 until October 1, 1936. Plaintiff's son was 31 years of age, worked part of the time after his father's death but, although plaintiff testified he took his father's place, went ahead and paid everything, the record shows that even though he turned over all of his wages to plaintiff, his total earnings amounted to less than the amount it cost her to provide him with food and lodging. Plaintiff supported

herself out of the money received from the telephone company and in reality her son was partially dependent upon her. At the time of his death, deceased was working for William Stoll as a painter. He also had worked a short time for the Detrola Radio Corporation.

Dependency, as used in the workmen's compensation act, contemplates actual support. *Franklin Fluorspar Co.* v. *Bell*, 247 Ky. 507 (57 S. W. [2d] 481); *Betor* v. *National Biscuit Co.*, 85 Mont. 481 (280 Pac. 641); *Walz* v. *Holbrook, Cabot & Rollins Corp.*, 170 App. Div. 6 (155 N. Y. Supp. 703); *Paul* v. *State Industrial Accident Commission*, 127 Ore. 599 (272 Pac. 267); *Morris* v. *Yough Coal & Supply Co.*, 266 Pa. 216 (109 Atl. 914). To constitute dependency, there must be something more than a mere legal right to support. *Colorado Fuel & Iron Co.* v. *Industrial Commission*, 90 Col. 330 (9 Pac. [2d] 285); *Glaze* v. *Hart*, 225 Mo. App. 1205 (36 S. W. [2d] 684; *Parson* v. *Murphy*, 101 Neb. 542 (163 N. W. 847, L. R. A. 1918 F, 479); *Utah Fuel Co.* v. *Industrial Commission*, 80 Utah, 301 (15 Pac. [2d] 297, 86 A. L. R. 858).

Under 2 Comp. Laws 1929, § 8422 (Stat. Ann. § 17.156), a wife and children under 16 years, or over that age if physically or mentally incapacitated from earning a living, are conclusively presumed to be dependents. The statute continues:

"In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the facts may be at the time of the injury. Where a deceased employee leaves a person or persons wholly dependent on him or her for support, said person or persons shall be entitled to the whole death benefit."

Whether plaintiff was, or was not, totally dependent upon deceased was a question of fact to be determined from the testimony. *McLaughlin* v. *Antrim County Road Commission,* 266 Mich. 73.

Where the facts are undisputed, dependency becomes a legal conclusion. *Kimber* v. *Michigan Light Co., now Consumers Power Co.,* 229 Mich. 663.

Whether plaintiff was dependent upon deceased must be determined as of the date of the accident. 2 Comp. Laws 1929, § 8423 (Stat. Ann. § 17.157); *Miller* v. *Riverside Storage & Cartage Co.,* 189 Mich. 360.

The burden was upon plaintiff to prove that her son's contributions constituted a part of her means of living. *Neubauer* v. *Levy,* 252 Mich. 83. In determining the extent of dependency, the cost to plaintiff of furnishing room and board to the deceased should be deducted. *Moll* v. *City Bakery,* 199 Mich. 670. In *Kostamo* v. *H. G. Christman Co.,* 214 Mich. 652, this court recognized that amounts paid as board could not be construed as support. In that case, the deceased had given his mother $27 a month for board, and $33 a month in addition. It was held the mother was dependent only to the extent of $33 a month. In *Bergerhoudt* v. *Riter-Conley Co.,* 242 Mich. 438, where a deceased turned over all his wages to his mother, the court determined the amount contributed to the support of the mother by deducting the amount of deceased's living expenses from his annual earnings. This is the general rule. So much of the earnings of deceased as was needed and necessarily used for his individual care and support is not to be treated as a contribution by him to the support of his dependents. *Milwaukee Basket Co.* v. *Wiecki,* 173 Wis. 391 (181 N. W. 308). In *Jedrlinich* v. *James Shewan & Sons, Inc.,* 193 App. Div. 915 (183

N. Y. Supp. 111), a mother to whom a son paid $5 a week for board and lodging was held not to be dependent.

It is contended by plaintiff that if we exclude the aid received from the telephone company, which they characterize as charitable, she had no other means of support and, therefore, must have been dependent upon the deceased. If the telephone company's help had been discontinued, plaintiff may have had to have the same amount of aid from some other source. Deceased's contributions were not even sufficient to provide for his own needs. Plaintiff herself testified relative to the aid received from the telephone company, "Why, I couldn't have gotten along. I had to have help," and "That's why they helped me, because I didn't have any income."

One may not be held to be totally dependent upon another who was incapable of supporting himself alone. From the accepted legal standards for determining the degree of dependency in cases of partial dependency, we must find there was no dependency of plaintiff upon deceased whatsoever. We cannot say plaintiff was totally dependent because deceased turned over to her his entire earnings. There is no evidence to support the finding of the department of labor and industry.

Award of compensation to plaintiff should be reversed, with costs.

SHARPE, J., concurred with POTTER, J.