Richard Andrew SNYDER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. C–1822.

United States District Court,
D. Colorado.

Dec. 15, 1970.

Richard Andrew Snyder, pro se.

James L. Treece, U. S. Atty., Denver, Colo., by James P. Parker, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The above matter is before the Court on the motion for summary judgment of the plaintiff and of the defendant. From an examination of the file it does not appear that there are any genuine issues of fact remaining, and consequently the case is properly determinable on motion for summary judgment.

This is a tax refund action in which the plaintiff seeks the recovery of $366.-02, together with interest, which amount was assessed against him following the disallowance of his mother as a dependent and also the disallowance of the head-of-the-household tax rate for the year 1964. The amount of the assessment plus accrued interest was paid by the plaintiff in 1967. He seeks to recover pursuant to the dependency provision, 26 U.S.C. §§ 151 and 152, and the head-of-the-household provision, 26 U.S. C. § 1(b).

It is to be noted that there is a third claim for relief which alleges that the plaintiff is entitled to recover because he was singled out for special audit as a result of publishing an article advocating that taxes be paid generally on the basis of benefits and protections derived and received. In this connection, plaintiff alleges that the government became very apprehensive that such a method would be accepted and that they proceeded against him on this account.

The Court has jurisdiction of the cause pursuant to 28 U.S.C. § 1346(a) (1).

In the present action the plaintiff appears pro se. In these circumstances we are constrained to scrutinize the merits of the case with great care. We have done so, but have nonetheless concluded that the cause is without merit.

■ First, we consider whether the plaintiff is entitled to a dependency deduction pursuant to 26 U.S.C. §§ 151 and 152. Under § 152 the plaintiff must show that he had to provide his mother with over one-half of her support, and under § 151 his mother had to have had less than $600.00 in gross income for the year. The § 152 requirement is not met because on the face of the return plaintiff provided his mother with $1,020.00 in support. In addition, his mother had at least $1,290.00 in other support. This consists of $90.00 in dividends and interest, $480.00 in Social Security payments and $720.00 attributable to the rental value of the home which she owned. These latter items are includable in determining support under 26 C.F.R. § 1.152–1(a) (2) (ii),

and 26 C.F.R. § 1.152–1(a) (2) (i). It is clear from the above that the plaintiff did not in fact provide his mother with over one-half of her support. Consequently, he is not entitled to count her as a dependent.

■ Secondly, it cannot be said that plaintiff's mother had less than $600.00 in recognizable income. In this connection, the evidence shows that she sold a part of the land embracing the residence in which she lived. As we view it, this does not give her the benefit of 26 U.S. C. § 121 which provides that the gain on a residence of an individual who has attained age 65 can be excluded from gross income. She did not sell her *residence*, and as we read this statute it does not extend to a situation where a portion of land is sold. *Cf.* O'Barr v. C. I. R., 44 T.C. 501 (1965). *But cf.* Bogley v. C. I. R., 263 F.2d 746 (4th Cir. 1959).

For a taxpayer to be entitled to head-of-household rates he must also be entitled to a dependency allowance pursuant to § 151. As noted, plaintiff is not entitled to claim his mother as a dependent, and hence he cannot claim the benefits of the head-of-household rates.

■ Finally, a few comments regarding his claim of discrimination: We do not speculate as to how the revenue authorities select returns for audit, but even if the article which the plaintiff published produced the action, it does not follow, in our judgment, that this is a defense to the assessment here in question. Whether the plaintiff could file some other action we do not know, and we venture no opinion on this subject.

Having concluded that the plaintiff's claims are wholly without merit, the government's motion for summary judgment should be and the same is hereby granted. It is further ordered that the Clerk enter judgment in favor of the United States dismissing the complaint and the causes of action.