AMMONS v DUNBAR & SULLIVAN CONSTRUCTION COMPANY

1. WORKMEN'S COMPENSATION—DEATH BENEFITS—DEPENDENTS—PARTIAL DEPENDENTS.

A plaintiff mother claiming benefits under the Workmen's Compensation Act as a dependent of her deceased son was only entitled to benefits as a partial dependent where the plaintiff received a pension and social security income amounting to $115 per month even though the decedent during his lifetime had paid the entire cost of maintaining the home he occupied with the plaintiff and an unmarried sister.

2. WORKMEN'S COMPENSATION—DEATH BENEFITS—PARTIAL DEPENDENTS—STATUTES.

A plaintiff mother claiming death benefits under the Workmen's Compensation Act who was only partially dependent upon her deceased son is entitled to weekly compensation equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed to her maintenance by the deceased son bears to the annual earnings of the deceased at the time of his injury; it must be determined from proofs offered which part of the total sum contributed for the maintenance cost of a home occupied by the decedent, plaintiff, and an unmarried sister was for the plaintiff's support as distinguished from the total expenses of the family (MCLA 418.321).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 April 3, 1974, at Detroit. (Docket No. 17027.) Decided June 25, 1974.

Claim by Lillie May Ammons against Dunbar & Sullivan Construction Company and Liberty Mutual Insurance Company for workmen's compensation as a dependent of Archie Lee Ammons. Com-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 180, 441.

pensation granted. Defendants appeal. Reversed in part and remanded for further proceedings.

*Charles Burke,* for plaintiff.

*Le Vasseur, Werner, Mitseff & Brown* (by *Grahame G. Capp),* for defendants.

Before: BASHARA, P. J., and BRONSON and CARLAND,* JJ.

CARLAND, J. The plaintiff is the mother of Archie Lee Ammons who was fatally injured on July 14, 1970 while employed by the defendant employer. As a result of the injuries so received, the employee died on July 28, 1970.

For some eight years prior to his death, the deceased together with his mother and an unmarried sister occupied the same dwelling house. During all of this time it is conceded that the entire cost of maintaining the home was paid by the deceased. The proofs show that the cost of maintenance was approximately $400 per month. The sister, although employed, paid none of the cost. The plaintiff, who during these years was receiving certain pension and social security benefits which on the date of death amounted to $115 per month, had consistently banked all of these benefits and had made no contribution toward the household expense. A petition for hearing was filed on September 28, 1970 by plaintiff as mother of the deceased seeking benefits under the Workmen's Compensation Act as a dependent.

Under these circumstances and facts the question arose as to the extent of plaintiff's depen-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dency. Was it whole or only partial? On January 11, 1972, the referee determined as follows:

"In consideration of the fact that the residents of the household included deceased, his mother and his sister, and that the latter contributed no money toward rent, food or household expenses, it is the considered opinion of this trier of the facts that petitioner is a partial dependent of the deceased and is entitled to 60 percent of the amount which she would receive if totally dependent ($75 per week) or $45 per week until further order of the bureau."

On March 27, 1973, the appeal board while recognizing the $115 monthly income of the plaintiff reversed the referee and found the plaintiff to be totally dependent upon her son. The defendants appeal on leave granted.

The essential question to be answered on this appeal is whether the plaintiff was wholly or partially dependent upon the earnings of her son at the time of his death. That she was dependent in some degree is beyond cavil.

"Generally, a 'dependent', within the meaning of the statute, is one who relies in whole or in part upon the workman for the reasonable necessities of life at the time of the accidental injury." *Mullan Construction Co v Day,* 218 Md 581, 586; 147 A2d 756, 759 (1958).

Webster's Third New International Dictionary defines the word "wholly" as follows:

"To the full or entire extent: without diminution or reduction: altogether, completely, totally."

Applying this definition to the case at bar it is apparent that, while the plaintiff may have chosen to depend wholly upon her son's contribution despite her regular independent income, because of

such income she was not wholly dependent upon the earnings of the deceased.

The decision of the Workmen's Compensation Appeal Board was issued prior to the publication of the decision in *Rose v Paper Mills Trucking Co,* 47 Mich App 1; 209 NW2d 305 (1973). In *Rose* it was held that one who receives social security benefits which are saved because his living expenses have been paid for by the deceased is only partially dependent upon the deceased for support. In view of this holding in *Rose,* we must find that the plaintiff is only partially dependent and that the Workmen's Compensation Appeal Board's decision in the present case is clearly erroneous and must be reversed.

Since plaintiff was only partially dependent, what was the degree of her dependency? MCLA 418.321; MSA 17.237(321) sets forth the death benefits due any dependent of a deceased employee. The statute is specific as to the method to be used to determine the amount owing to a partial dependent and provides as follows:

"If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury."

Therefore the referee, having determined as a matter of fact that the deceased had contributed to the entire household from January 1, 1970 to July 14, 1970 at the rate of $400 per month or a total sum of $2,600, in accordance with the statute divided this last sum by $3700, this being the net earnings for that period of time. As a result of this

computation, he determined that the deceased had made a total contribution equal to 70% of his net earnings. To this point we are in agreement with the procedures followed by the referee. However, he then arbitrarily and without support from the record concluded that the deceased had in fact only contributed 60% to the plaintiff.

While it is patently obvious that the son's earnings constituted in fact plaintiff's means of livelihood, it must be determined from proofs offered which part of the $400 was contributed for plaintiff's support as distinguished from the total expenses of the family. This finding may not rest on conjecture or caprice of the referee but must rest upon facts disclosed by the record. Since the record contains no such facts, the determination may not stand.

The defendant would have us determine that the $400 should be divided three ways and thus find that the plaintiff only received $133 per month. This determination would be equally arbitrary when unsupported by facts. We express grave doubts that household expenses rise or fall in direct proportion to the increase or decrease in the number of persons being supported therein. There are certain fixed charges such as rent which are not changed or altered whether the family be large or small.

For the reasons given we reverse in part and remand for further hearing to determine the extent of plaintiff's partial dependency.

All concurred.