LISBETH STELZIG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stelzig v. Commissioner
Docket No. 14344-78.
United States Tax Court
T.C. Memo 1980-20; 1980 Tax Ct. Memo LEXIS 565; 39 T.C.M. (CCH) 926; T.C.M. (RIA) 80020; January 23, 1980, Filed Lisbeth Stelzig, pro se. Nancy J. Bateman, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $340.90 in petitioner's Federal income tax for 1976. The issues for our determination are: (1) whether petitioner's parents, citizens and residents of Denmark, qualify as her dependents under section 152, [1] entitling her to deduct them as exemptions under section 151, and (2) whether petitioner qualifies as a head of household under section 2(b)(1)(B), enabling her to use head of household rates under section 1(b). This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time she filed her petition, petitioner Lisbeth Stelzig (hereinafter Lisbeth or petitioner) resided in New York, New York. Petitioner *567 timely filed an individual Federal income tax return for 1976. Lisbeth furnished over one-half of the total cost of maintaining her parents' household for 1976. Petitioner's parents, Willy and Ebba Stelzig, however, were citizens are residents of Denmark throughout that year. They were present in the United States for only three months in 1976, during which time they stayed with their daughter. On her 1976 return, petitioner filed as head of household and claimed two dependency exemptions for her parents. In her petition, Lisbeth states that she is the sole support of her parents and that this responsibility is her major expense. She contends that she, somehow, must be entitled to take this cost as a deduction. Respondent argues that since petitioner's parents were citizens and residents of Denmark during 1976, despite petitioner's providing in excess of one-half of their support, pursuant to section 152(b)(3), they are barred from ualifying as her dependents. Since petitioner's parents are not her dependents, respondent further contends, petitioner does not qualify for head of household status and cannot, therefore, use head of household rates. Although we sympathize *568 with petitioner and admire her for serving as her parents' sole support, we nevertheless agree with respondent. Section 152(b)(3) plainly excludes individuals like petitioner's parents from the definition of dependent. [2] In Barr v. Commissioner,51 T.C. 693 (1969), we upheld the constitutionality of this section. We found that the restriction in the statute was not arbitrary or unreasonable since it was impractical for the Internal Revenue Service to investigate the validity of claims for dependents in foreign countries. [3]
*569 Section 1(b) provides a special tax rate for those individuals who qualify as heads of household. Section 2(b)(1)(B) defines a head of household as a taxpayer who maintains his father's or mother's principal abode if the taxpayer is entitled to a deduction for his (parents) under section 151. Because petitioner's parents do not qualify under section 151 as her dependents, she is not entitled to claim head of household status.See Snyde v. United States,321 F. Supp. 661 (D. Colo. 1970), affd. per curiam 445 F.2d 319 (10th Ci. 1971). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩
2. Section 152(b)(3) provides in part: The term "dependent" does not include any individual who is not a citizen or national of the United States unless such individual is a resident of the United States or of a country contiguous to the United States. ↩
3. See also Habeeb v. Commissioner,559 F.2d 435 (5th Cir. 1977), affg. a Memorandum Opinion of this Court; Wexler v. Commissioner,507 F.2d 843 (6th Cir. 1974), affg. a Memorandum Opinion of this Court; Du De Voire v. Commissioner,T.C. Memo. 1978-11; Bakler v. Commissioner,T.C. Memo. 1974-134; Josan v. Commissioner,T.C. Memo. 1974-144; Hoyle v. Commissioner,T.C. Memo. 1970-172↩.