WEEMS v CHRYSLER CORPORATION

Docket Nos. 143709, 144061. Submitted November 9, 1992, at Lansing. Decided September 7, 1993, at 9:05 A.M. Leave to appeal sought.

Virginia R. Weems was awarded workers' compensation death benefits as a result of the death of her husband from an injury suffered during the course of his employment with Chrysler Corporation. The amount of the death benefits to be paid was based in part on the magistrate's findings that the claimant was wholly dependent on her husband's income despite the fact that she received $850 a month in pension benefits herself and that the daughter and grandchildren of the claimant and her husband were not his dependents. Chrysler appealed. The claimant did not. The Workers' Compensation Appellate Commission found that the claimant was only partially dependent within the meaning of the death benefit provision and, because her calculated weekly benefit as a partially dependent claimant was less than fifty percent of the state average weekly wage, awarded her benefits in the amount of fifty percent of the state average weekly wage pursuant to the minimum death benefit provision. The claimant and Chrysler each appealed. The appeals were consolidated.

The Court of Appeals held:

1. The appellate commission did not err in finding that the claimant was partially dependent within the meaning of the death benefit provision, MCL 418.321; MSA 17.237(321). Her pension was a substantial and reasonably regular income source and not of a trifling amount; accordingly, it cannot be said that she relied totally and completely on her husband's income.

2. Neither the fact that claimant was considered to be fully dependent on her husband while he survived nor the fact that without his income she would have been unable to maintain the same standard of living precludes finding her to be only

REFERENCES

Am Jur 2d, Workers' Compensation §§ 188, 191, 193, 207, 414, 577, 579, 686, 701, 714.

See ALR Index under Workers' Compensation.

partially dependent for the purpose of the death benefit provision.

3. The appellate commission correctly determined that death benefits paid to partially dependent claimants are subject to the minimum weekly benefits provision of MCL 418.356(2); MSA 17.237(356)(2) and in awarding death benefits in accordance with that provision.

4. The appellate commission correctly refused to consider the claimant's arguments concerning the magistrate's conclusion that her grandchildren were not shown to be dependents of the decedent, inasmuch as she had not preserved that issue by filing either an appeal or a cross appeal of the magistrate's order.

Affirmed.

1. WORKERS' COMPENSATION — DEPENDENTS — DEATH BENEFITS.

A person is partially dependent on the earnings of a deceased employee for the purpose of workers' compensation death benefits where that person has a substantial and regular income source of more than a trifling amount and did not rely totally and completely on the decedent's income (MCL 418.321; MSA 17.237[321]).

2. WORKERS' COMPENSATION — DEPENDENTS — DEATH BENEFITS.

The provision fixing the minimum weekly benefit level of workers' compensation death benefits is applicable to benefits paid to partially dependent claimants (MCL 418.356[2]; MSA 17.237[356][2]).

3. WORKERS' COMPENSATION — APPEAL — WORKERS' COMPENSATION APPELLATE COMMISSION.

The Workers' Compensation Appellate Commission is limited to reviewing only the specific findings and conclusions the parties request to be reviewed (MCL 418.861a[11]; MSA 17.237[861a] [11]).

*Thurswell, Chayet & Weiner* (by *Lenny Segel* and *Tammy J. Reiss*), for Virginia R. Weems.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Dennis P. Partridge* and *Robert D. Goldstein*), for Allstate Insurance Company.

*Lacey & Jones* (by *Susan B. Cope*), for the defendant.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and REILLY, JJ.

MICHAEL J. KELLY, J. These consolidated appeals concern the amount of death benefits due plaintiff, the widow of an employee who died from injuries arising out of and in the course of his employment. The Workers' Compensation Appellate Commission concluded that plaintiff was partially dependent upon her husband's earnings under MCL 418.321; MSA 17.237(321), that plaintiff was entitled to benefits at the rate of $149.60 a week except that MCL 418.356(2); MSA 17.237(356)(2) required a minimum weekly payment of $207.35, and that plaintiff had not preserved for review the issue of her grandchildren's dependency. In a concurrence, one WCAC member calculated plaintiff's benefit rate at $113.94 a week, but agreed that plaintiff was entitled to a minimum of $207.35 under § 356(2).

Plaintiff's husband was involved in an automobile accident during the course of his employment on March 10, 1986. Injuries received led to his death on March 23, 1986. Plaintiff's husband earned $822.91 a week. Plaintiff herself received a retirement pension of $850 a month from her former employer. Plaintiff and her husband pooled their incomes for their mutual support. The parties agreed that the pertinent state average weekly wage was $414.70.

Plaintiff and her husband helped support their daughter and her three minor children. The daughter and grandchildren lived with plaintiff and her husband from about 1979 to December 1985, when the daughter and the children moved to California. Plaintiff and her husband continued to provide financial support, and plaintiff continued to do so after her husband's death. Plaintiff

claimed that both she and her grandchildren were wholly dependent on her husband's earnings.

I

Under MCL 418.321; MSA 17.237(321), a person "wholly" dependent on a deceased employee's earnings is entitled to benefits of eighty percent of the employee's after-tax average weekly wage for five hundred weeks, subject to maximums and minimums provided in the act. But a person "only partially dependent" is entitled to benefits

> equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as 80% of the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of injury.

Dependency, generally a factual issue, becomes a legal conclusion where the facts are undisputed. *Garbutt v Stoll*, 287 Mich 396, 399-400, 405; 283 NW 624 (1939); *Corbett v Montgomery Ward & Co, Inc,* 194 Mich App 624, 631; 487 NW2d 825 (1992). The WCAC concluded plaintiff was partially dependent under § 321.

Our role in reviewing decisions of the WCAC, in light of the changes brought about by 1985 PA 103 that created the WCAC, was clarified in *Holden v Ford Motor Co,* 439 Mich 257, 261-263; 484 NW2d 227 (1992). The standard of judicial review of final WCAC decisions is essentially the same as the standard used to review the decisions of the Workers' Compensation Appeal Board: the WCAC's findings are conclusive if there is any competent evidence to support them. *Holden v Ford Motor Co, supra* at 263, 269; *Corbett v Montgomery Ward, supra* at 629. We review the findings of the WCAC,

not those of the magistrate. *Holden v Ford Motor Co, supra* at 262.

There was competent evidence supporting the WCAC's conclusion that plaintiff was only partially dependent upon her husband's income. Plaintiff received a pension of $850 a month, or $196.30 a week. Even though plaintiff's pension amounted to only nineteen percent of the family's pooled weekly income of $1,019.21, any reasonable view of the facts shows that plaintiff's pension was a meaningful contribution to the pooled family income and that plaintiff was supported in part by that pension. Therefore plaintiff was only partially dependent on her husband's income. Plaintiff's pension was a "substantial and reasonably regular income" source. *Rose v Paper Mills Trucking Co,* 47 Mich App 1, 7; 209 NW2d 305 (1973), quoting from 2 Larson, Workmen's Compensation Law, § 63.13, pp 134.7-134.8. Plaintiff did not rely "totally" or "completely" on her husband's income. *Ammons v Dunbar & Sullivan Construction Co,* 54 Mich App 107, 109; 220 NW2d 323 (1974).

We reject plaintiff's attempts to distinguish *Rose* and *Ammons.* The fact that those cases dealt with persons who did not necessarily have a legal obligation to support the claimants was not material to the decisions in *Rose* and *Ammons.* Plaintiff's argument that there must be a point where a dependent's personal income is so small that it should not be considered has more strength, but that point is hardly reached where the dependent has personal income of over $10,000 a year. Compare *Kalcic v Newport Mining Co,* 197 Mich 364, 370; 163 NW 962 (1917), where the Court described the wholly dependent widow's total earnings of $0.40 to $0.60 a month as "trifling."

Plaintiff's reliance on *Garbutt v Stoll,* 287 Mich 396; 283 NW 624 (1939), is misplaced. There the

claimant-mother was found totally dependent upon her deceased son, despite her receipt of monthly payments from the employer of her deceased husband. The payments received by the claimant, however, were "temporary, voluntary payments" that were paid only during the first year following the husband's death. *Id.* at 401. The instant case contrasts sharply, because plaintiff received regular and continuing pension payments that she herself earned.

Plaintiff and Allstate argue that it is inconsistent to find plaintiff partially dependent after her husband's death when, under MCL 418.353(b); MSA 17.237(353)(b), she was considered fully dependent during the two weeks her husband survived following the accident. But the legislative scheme leading to different results depending on whether an employee survives or not is reasonable. The injured employee's death is a significant event in many ways. Among other things, the Legislature could recognize that an employee does not require continuing financial support after his demise.

Plaintiff's argument that she is wholly dependent is largely based on the fact that without her husband's income she cannot maintain her previous standard of living. Regular benefits under the act are a function of employee earnings. MCL 418.351 and 418.361; MSA 17.237(351) and 17.237(361). Death benefits under § 321 are also based upon employee earnings. The WCAC correctly concluded plaintiff was only partially dependent.

II

Once the WCAC found plaintiff to be partially dependent, the majority calculated plaintiff's benefits under § 321 to be $149.60 a week, while the

concurring member calculated benefits of $113.94 a week. But all WCAC members agreed that plaintiff was entitled to benefits of $207.35 a week, one-half of the applicable state average weekly wage, pursuant to the minimum rate imposed by MCL 418.356(2); MSA 17.237(356)(2), which provides:

> The minimum weekly benefit for death under section 321 shall be 50% of the state average weekly wage as determined under section 355.

Defendant argues that § 356(2) applies only to benefits to persons wholly dependent under § 321, and not to those who are partially dependent. Defendant points out that in § 321 the language "subject to the maximum and minimum rates of compensation under the act" immediately follows the language providing for benefits for wholly dependent persons and that there is no such limiting language following the provision for benefits for those who are partially dependent. Defendant also argues that application of the minimum in § 356(2) could result in payment of more than one hundred percent of benefits in cases of multiple dependents where the fifty percent minimum is applied to each dependent.

As concluded by the WCAC, § 356(2) applies to all death benefit cases under § 321. The statute is clear. It makes no distinction between persons wholly and persons partially dependent. Where the plain language of a statute is clear, judicial construction is normally neither necessary nor permitted. *Montgomery Ward & Co, Inc v Dep't of Treasury,* 191 Mich App 674, 679; 478 NW2d 745 (1991).

Defendant's reasoning is amiss. Although the limiting language regarding maximums and minimums that follows the provision for benefits for

wholly dependent persons in § 321 is not repeated after the provision for benefits for partially dependent persons, the limitations are enforced for those who are partially dependent by virtue of the fact that benefits for a partially dependent person are calculated as a percentage of benefits for persons wholly dependent. Thus, partial benefits are a percentage of whole benefits that have already been adjusted for statutory maximums and minimums. In addition, the asserted result of excessive total benefits to multiple dependents will not occur, because § 356(2) refers to the total benefits paid, not necessarily to the total benefits received. Death benefits are apportioned to multiple dependents under MCL 418.331(b); MSA 17.237(331)(b).

Because the WCAC correctly ordered benefits pursuant to § 356(2) at a rate greater than was otherwise calculated either by the majority or the concurring member, we need not decide which method (if either) was the proper one for calculating benefits for a partially dependent person under § 321.

III

The WCAC correctly declined to consider plaintiff's arguments disputing the magistrate's conclusion that plaintiff had not shown her grandchildren to be dependents of her husband at the time of his death. Only defendant appealed to the WCAC. Plaintiff did not file a claim for review, MCL 418.859a(1); MSA 17.237(859a)(1), or a cross appeal, MCL 418.861a(6); MSA 17.237(861a)(6), after defendant filed its claim for review. The WCAC was limited to reviewing "only" the "specific" findings or conclusions the parties "requested be reviewed." MCL 418.861a(11); MSA 17.237(861a)(11).

The WCAC adhered to the statutory scheme,

which was devised to expedite appeals under the act. The fact that plaintiff had received the maximum rate of benefits from the magistrate was an insufficient reason not to appeal the adverse result concerning one of her principal claims, particularly once defendant appealed and thereby put into jeopardy the favorable result she had obtained from the magistrate. The result here is no more unfair than if she had failed to appeal to this Court. MCL 418.861a(14); MSA 17.237(861a)(14). *Wszola v Robert Carter Corp*, 187 Mich App 372; 468 NW2d 57 (1991).

Affirmed. No costs, no party having prevailed in full.