BOARDMAN v DEPARTMENT OF STATE POLICE

Docket No. 216319. Submitted November 9, 2000, at Lansing. Decided November 21, 2000, at 9:05 A.M. Leave to appeal sought.

Janice Boardman, the surviving spouse of Jarrad Boardman, deceased, sought worker's compensation benefits from his employer, the Department of State Police. Jarrad Boardman experienced chest pains after walking 150 yards from his vehicle to his place of employment while carrying several items in sub-zero temperatures one morning. An ambulance was called and he suffered a cardiac seizure and died in the ambulance. It was established that the decedent suffered many of the risk factors for advanced coronary disease. A magistrate ruled that the decedent's exposure to the cold contributed to his heart failure and death in a significant manner, but that the cold did not constitute a specific event related to his employment. The magistrate concluded that the decedent's death was not compensable and dismissed plaintiff's application. The plaintiff appealed to the Worker's Compensation Appellate Commission (WCAC), alleging that the magistrate committed legal error in denying benefits. The WCAC agreed with the plaintiff's argument that the decedent's exposure to cold was work related, but disagreed with the magistrate's finding that the exposure to cold was a significant factor in the decedent's death. However, the WCAC found that it had no choice but to accept the magistrate's finding on significant contribution because the defendant had failed to file either an appeal or a cross appeal challenging that finding. The WCAC remanded the matter to the magistrate for a determination of entitlement to benefits. Following the magistrate's determination of benefits on remand, the Court of Appeals granted the defendant leave to appeal.

The Court of Appeals *held*:

The WCAC erred in concluding that the defendant waived consideration of the causation issue by failing to file an appeal or cross appeal regarding the issue. The defendant's failure to file an appeal or cross appeal is not fatal to its claim because it filed a responsive brief in the WCAC contending that competent, material, and substantial evidence on the whole record supported the magistrate's decision to deny benefits. The defendant was not required to file a

cross appeal in the WCAC in order to urge affirmance on an alternative ground. The decision of the WCAC that it had no authority to consider the defendant's alternative argument must be reversed and the matter must be remanded to the WCAC for further proceedings.

Reversed and remanded.

1. WORKER'S COMPENSATION — WORKER'S COMPENSATION APPELLATE COMMISSION — REVIEW OF MAGISTRATES' FINDINGS.

The "substantial evidence" standard governs the Worker's Compensation Appellate Commission's review of a magistrate's factual findings; the commission has authority to make independent factual findings as long as the record is sufficient for administrative review and the commission does not engage in speculation (MCL 418.861a[3]; MSA 17.237[861a][3]).

2. APPEAL — CROSS APPEALS — ALTERNATIVE GROUNDS.

A cross appeal generally is not necessary to urge an alternative ground for affirmance, even if the alternative ground was considered and rejected by the lower court or tribunal; a party is not required to file a cross appeal merely to urge affirmance on an alternative ground where the lower court or tribunal's resolution of the case was favorable to the party.

3. WORKER'S COMPENSATION — APPEAL — PRESERVING ISSUES.

The Worker's Compensation Appellate Commission may not properly find that a defendant waived consideration of the issue of causation by failing to file an appeal or cross appeal regarding the magistrate's determination of the issue where the magistrate's ultimate ruling in the matter was favorable to the defendant and the defendant files in the appellate commission a responsive brief contending that competent, material, and substantial evidence on the whole record supports the magistrate's decision; the defendant is not required to file a cross appeal merely to urge affirmance on an alternative ground.

*Rapaport, Pollok, Farrell & Waldron, P.C.* (by *Roger A. Rapaport* and *Phillip D. Churchill, Jr.*), for the plaintiff.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *George H. Weller* and *Phillip I. Frame*, Assistant Attorneys General, for the defendant.

Before: DOCTOROFF, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the Worker's Compensation Appellate Commission (WCAC) that reversed a magistrate's decision to deny benefits. We reverse and remand.

On December 21, 1989, Jarrad Boardman awoke about 5:30 A.M., fed his horses, and left for work at about 6:30 A.M. Boardman, a fingerprint expert employed by the Michigan State Police, parked his vehicle in the employee parking lot at the State Secondary Complex near Lansing and walked about 150 yards to the building, carrying a twelve-pound Crockpot of meatballs, a four-pound sheet cake, a briefcase, and a shopping bag full of Christmas presents. A co-worker encountered Boardman approximately ten yards from the entrance to the building, offered to help him, and from there carried the Crockpot for Boardman. The temperature was several degrees below zero that morning.

After arriving at his work station and taking off his coat, Boardman complained to a co-worker that he was experiencing chest pains and did not feel right. When his symptoms worsened, an ambulance was called. While being administered oxygen in the ambulance, Boardman suffered a cardiac seizure and died, despite efforts by the paramedics to apply CPR.

Plaintiff, as Boardman's surviving spouse, filed a claim for worker's compensation benefits. At trial, it was established that the decedent suffered many of the risk factors for advanced coronary disease, including age, obesity, a high cholesterol level, and being a former cigarette smoker. Both parties' medi-

cal experts opined that Boardman was a high-risk coronary patient who was likely to suffer a coronary event in the near future. Plaintiff's medical expert opined that the decedent's death was related to his activities that morning of carrying several items above his waist when the temperature was below zero. Plaintiff's expert opined that "the physical exertion constituted a trigger, a last straw on the camel's back, a precipitation event of exertion of the heart at the time of the heart attack, which was due to come anyway." Defendant's medical expert opined that the decedent was a textbook example of a high-risk coronary patient and that the underlying coronary disease was not work related. That expert further opined that, although the weight of the items the decedent was carrying was not a significant factor in causing the heart attack, the cold weather could have been a precipitating event in this case.

The magistrate framed the "dispositive question" as "whether carrying 16 pounds for approximately 150 yard[s] across the parking lot in sub-zero weather significantly caused, contributed to or accelerated the Decedent's heart failure." After reviewing the medical testimony, the magistrate ruled that the exposure to the cold contributed to the decedent's heart failure and death in a significant manner, but that the cold did not constitute a specific event related to his employment. The magistrate concluded that the decedent's death was not compensable and dismissed plaintiff's application.

Plaintiff appealed to the WCAC, arguing that the magistrate committed legal error in denying benefits. The WCAC agreed with plaintiff's argument that, pursuant to the coming-and-going provision of MCL 418.301(3);

MSA 17.237(301)(3), and *Whetro v Awkerman*, 383 Mich 235; 174 NW2d 783 (1970), the decedent's exposure to cold was work related. However, the WCAC disagreed with the magistrate's finding under the significant-manner test of MCL 418.301(2); MSA 17.237(301)(2) that the exposure to cold was a significant factor in the decedent's death. Nonetheless, the WCAC concluded that it had no authority to review the magistrate's misapplication of the significant-manner test because defendant had failed to file either an appeal or a cross appeal challenging that finding. The WCAC noted that its scope of review was restricted. Pursuant to MCL 418.861a(11); MSA 17.237(861a)(11), the WCAC "shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed." The WCAC stated: "While it makes sense for defendant not to directly appeal a favorable decision by the magistrate, once plaintiff challenged the decision on appeal, defendant was obligated to file a cross appeal in order to give the Commission the opportunity to get the right result for the right reason."

However, the WCAC offered its opinion, in dicta, that the decedent was "a walking invitation to a heart attack" and that the exposure to cold was "at most a minor weight factor." The WCAC continued:

> Indeed, it is precisely situations such as we have in this case for which the Legislature wished to avoid compensability by passing [subsection] 301(2). However, because of defendant's procedural error in failing to appeal or cross-appeal from the magistrate's decision, we have no choice but to accept the magistrate's finding on significant contribution.

The WCAC remanded the matter to the magistrate for a determination of entitlement to benefits. Following the magistrate's determination of benefits on remand, this Court granted defendant leave to appeal.

Review of worker's compensation cases is governed by two distinct statutory standards. While the "substantial evidence" standard governs the WCAC's review of a magistrate's factual findings, MCL 418.861a(3); MSA 17.237(861a)(3), the "any evidence" standard governs the judiciary's review of the WCAC's factual findings, MCL 418.861a(14); MSA 17.237(861a)(14). *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 698, 703, 709; 614 NW2d 607 (2000). The WCAC has authority to make independent factual findings as long as the record is sufficient for administrative review and the WCAC does not engage in speculation. *Id.* at 709-714. See MCL 418.861a(14); MSA 17.237(861a)(14). Appellate courts exercise a narrow scope of review over decisions of the WCAC and, as a general rule, must defer to the WCAC's administrative expertise in this highly technical area of law. *Mudel, supra* at 702-703. Nonetheless, the judiciary continues to review de novo questions of law involved in any final order of the WCAC. *Id.* at 706. *Calovecchi v Michigan,* 461 Mich 616, 621-622; 611 NW2d 300 (2000).

Defendant first argues that the WCAC erred in concluding that it had waived consideration of the causation issue by failing to file an appeal or cross appeal regarding the issue. In so finding, the WCAC cited its limited scope of review under MCL 418.861a(11); MSA 17.237(861a)(11), which provides that the WCAC "shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed." We reverse with regard to this issue.

The Michigan Supreme Court's recent decision in *Mudel, supra,* is instructive. In that case, the magistrate concluded that the plaintiff suffered from an occupational disease and granted an open award of benefits. The defendant appealed and argued in the alternative that the plaintiff was only entitled to a closed award of benefits because the work had only aggravated the plaintiff's condition. *Mudel, supra* at 715. The plaintiff did not appeal or cross appeal the magistrate's favorable ruling, but did file a responsive pleading in the WCAC, arguing that, even if he did not qualify for benefits on the basis of having an occupational disease, he qualified for benefits because he sustained a compensable personal injury. *Id.* at 715-717. The WCAC agreed that the magistrate's finding of an occupational disease was improper, but nonetheless affirmed the award of benefits on the basis that the evidence supported a conclusion that plaintiff suffered a compensable personal injury. *Id.* at 715. This Court denied leave to appeal. *Id.* at 716. When the Supreme Court granted leave to appeal, the defendant argued that the WCAC had exceeded its limited scope of review under MCL 418.861a(11); MSA 17.237(861a)(11) in determining that there was an alternative basis for awarding benefits where neither party had raised the issue in the WCAC. *Mudge, supra* at 716-717. The Supreme Court rejected this argument, however, finding that the plaintiff had indeed raised the issue of a compensable personal injury in his responsive pleading in the WCAC. *Id.*[1]

---

[1] The Court expressly declined "to decide whether MCL 418.861a(11); MSA 17.237(861a)(11) would prevent the WCAC from resolving the issues in this case if [the plaintiff] had not raised the alternative grounds in his responsive pleading, because that factual situation is not currently before us." *Mudel, supra* at 717.

Here, the WCAC concluded that its hands were tied as far as rendering a different finding of fact or conclusion of law regarding application of the significant-manner test in light of defendant's failure to file an appeal or cross appeal specifically challenging the magistrate's finding or conclusion on that issue. In light of *Mudel, supra,* defendant's failure to file a cross appeal is not fatal to its claim where it filed a responsive brief in the WCAC contending that competent, material, and substantial evidence on the whole record supported the magistrate's decision to deny benefits.

We find further support for this conclusion in the general rule that a cross appeal is not necessary to urge an alternative ground for affirmance, even if the alternative ground was considered and rejected by the lower court or tribunal. *Middlebrooks v Wayne Co*, 446 Mich 151, 166, n 41; 521 NW2d 774 (1994); *Candelaria v B C General Contractors, Inc*, 236 Mich App 67, 83, n 6; 600 NW2d 348 (1999). Here, the magistrate's ultimate resolution of the case was favorable to defendant (i.e., denying benefits for lack of causation); therefore, defendant was not required to file a cross appeal merely to urge affirmance on an alternative ground. Cf. *Weems v Chrysler Corp*, 201 Mich App 309, 316-317; 505 NW2d 905 (1993), aff'd in part on this ground 448 Mich 679, 686, n 5; 533 NW2d 287 (1995).[2]

Because the WCAC erred as a matter of law regarding the procedural issue above and because its reference to how it would have determined the causation

---

[2] We are aware of this Court's determination in *Weems, supra*; however, we are required to follow the obvious implication of our Supreme Court's *Mudel* decision.

issue is dicta on which it declined to base its decision,[3] remand is necessary. Thus, we reverse the WCAC's decision that it had no authority to consider defendant's alternative argument and, therefore, we remand for review of the magistrate's (mis)application of the significant-manner test of MCL 418.301(2); MSA 17.237(301)(2) and for a determination whether plaintiff is entitled to benefits.

Reversed and remanded to the WCAC for reconsideration in light of our decision.[4] We do not retain jurisdiction.

---

[3] Rather, the WCAC "accept[ed] the magistrate's finding on significant contribution."

[4] We recognize that the WCAC addressed this issue, albeit in dicta, and declined to decide the case on this issue. In view of our limited scope of review, MCL 418.861a(14); MSA 17.237(861a)(14), remand is necessary for the WCAC to render a decision whether the decedent's injury meets the significant-manner test.