### VANDENBERG v VANDENBERG

Docket No. 229998. Submitted August 6, 2002, at Grand Rapids. Decided November 1, 2002, at 9:20 A.M.

Beverly VandenBerg, as personal representative of the estate of George T. VandenBerg, brought an action in the Ottawa Circuit Court against Peter M. VandenBerg, M.D., and Holland Surgical Associates, P.C., alleging medical malpractice. The court, Edward R. Post, J., granted summary disposition for the defendants on the basis of the plaintiff's failure to file with the court an affidavit of merit signed by a health-care professional along with the complaint, as required by MCL 600.2912d. The Court of Appeals, McDonald, P.J., and Sawyer and Hoekstra, JJ., reversed and remanded, holding that dismissal of the case was not warranted inasmuch as the purpose of § 2912d—deterring frivolous medical malpractice claims—was fulfilled when the plaintiff served the defendants with an affidavit of merit at the same time she served them with the complaint and summons. 231 Mich App 497 (1998). On remand, the trial court granted summary disposition for the defendants on the ground that the plaintiff's claim was barred by the applicable statute of limitations. The plaintiff appealed.

The Court of Appeals *held*:

1. Generally, a plaintiff in a medical malpractice case must bring a claim within two years of the act or omission that forms the basis of the claim, or within six months after the plaintiff discovers or reasonably should have discovered that the plaintiff has a claim, whichever is later. MCL 600.5805(5), 600.538a(2). However, in a case where there is a death, as here, the personal representative of the decedent's estate has two years from the date the letter of authority is issued in which to commence the suit. MCL 600.5852. The action must, however, be commenced by the personal representative within three years after the period of limitation has run. MCL 600.5852. In this case, the plaintiff filed the complaint within three years after the original period of limitation expired, but did not file the affidavit of merit within that three-year period or seek an extension as provided under MCL 600.2912d(2). Accordingly, because the mere tendering of a complaint without the required affidavit of merit is insufficient to commence a medical malpractice

action, the plaintiff's action is not timely and the trial court did not err in ruling that the action was time-barred.

2. The doctrine of law of the case did not preclude the trial court from granting summary disposition on the basis of the statute of limitations. The prior Court of Appeals panel did not address, much less decide, the statute of limitations issue.

3. The doctrine of res judicata operates to preclude similar claims raised in a subsequent lawsuit and does not apply to preclude the defendants from raising the statute of limitations issue in this one, continuous action.

4. The defendants, in not filing a cross-appeal in the first appeal, did not abandon the statute of limitations defense. A cross-appeal is not necessary to urge an alternative ground for affirmance, even if the alternative ground was considered and rejected by the lower court or tribunal.

Affirmed.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT.

The filing of a medical malpractice complaint without the required affidavit of merit by a health-care professional does not commence the action or toll the applicable statutory period of limitation (MCL 600.2912d).

*Dietrich & Associates, P.L.C.* (by *Robert A. Kuhr* and *Stephen N. Leuchtman*), for the plaintiff.

*Hackney, Grover, Hoover & Bean, PLC* (by *Richard K. Grover, Jr.,* and *John P. Lewis*), for the defendants.

Before: WHITBECK, C.J., and BANDSTRA and TALBOT, JJ.

PER CURIAM. This case is before this Court following our reversal and remand in *VandenBerg v Vanden-Berg*, 231 Mich App 497, 503; 586 NW2d 570 (1998) (*VandenBerg I*). Plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(7) on the ground that plaintiff's medical malpractice claim was barred by the statute of limitations. We affirm.

Plaintiff argues that the trial court improperly dismissed her malpractice claim because (1) the doctrines of res judicata and law of the case prevented the trial court from considering a statute of limitations defense and (2) defendants effectively abandoned a statute of limitations defense by not raising the issue in a cross-appeal in *VandenBerg I*. We disagree. Summary disposition of all or part of a claim or defense may be granted when a claim is barred because it was filed beyond the period set forth in the applicable statute of limitations. MCR 2.116(C)(7). An order granting summary disposition under MCR 2.116(C)(7) on the basis that the statute of limitations has expired is reviewed de novo on appeal, giving consideration to affidavits, depositions, admissions, and other documentary evidence filed by the parties, to determine whether they indicate that the claim is barred. See *Smith v YMCA*, 216 Mich App 552, 554; 550 NW2d 262 (1996).

A statute of limitations defense must be raised in a party's first responsive pleading or by motion filed not later than this responsive pleading. MCR 2.111(F)(2) and (3); see also *Phinney v Perlmutter*, 222 Mich App 513, 544; 564 NW2d 532 (1997). Here, in response to plaintiff's complaint, defendants filed answers in which they asserted "[t]hat the claims set forth in [plaintiff's] complaint did not accrue within the applicable limitations period (under MCLA 600.5805 and 600.5838) before commencement of said action and [are] therefore barred by the Statute of Limitations."

Generally, a plaintiff in a medical malpractice case must bring a claim within two years of the act or omission that forms the basis of the claim, or within

six months after the plaintiff discovers or reasonably should have discovered that the plaintiff has a claim, whichever is later. MCL 600.5805(5), 600.5838a(2). However, in a case in which there is a death, as here, the decedent's personal representative has two years from the date the letter of authority is issued to commence the suit. MCL 600.5852. The action must, however, be commenced by the personal representative within three years after the period of limitations has run. *Id.*

In this case, the claim against defendants accrued on October 11, 1990, the last day of treatment and the day decedent died. Thus, pursuant to MCL 600.5805(5), the statute of limitations was set to expire two years later, on October 11, 1992. Plaintiff, however, was not appointed personal representative of decedent's estate until September 28, 1995. Accordingly, the period of limitation was extended to October 11, 1995, three years after the original period had expired. MCL 600.5852. However, although plaintiff's complaint was filed within this period, on September 29, 1995, the affidavit of merit was not filed until mid-December 1995. Under *Scarsella v Pollak*, 232 Mich App 61; 591 NW2d 257 (1998), aff'd 461 Mich 547; 607 NW2d 711 (2000), this was insufficient to timely commence the suit.

In *Scarsella*, this Court recognized that, "[g]enerally, a civil action is commenced and the period of limitation is tolled when a complaint is filed," but that "medical malpractice plaintiffs must file more than a complaint; 'they shall file with the complaint an affidavit of merit . . . .'" *Id.* at 63-64, quoting MCL 600.2912d(1). The *Scarsella* panel reasoned that the Legislature's use of the word "shall"

indicates that the accompaniment of an affidavit is mandatory, and that, therefore, "the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit." *Id.* at 64. Noting that, by providing for a twenty-eight day extension for the filing of an affidavit, the Legislature provided a remedy for "those instances where an affidavit cannot accompany the complaint," see MCL 600.2912d(2), the panel determined that unless a plaintiff has moved for the statutorily provided extension, a plaintiff was not permitted to file a complaint without the affidavit, then attempt to "amend" the complaint by later supplementing the filing with an affidavit of merit. *Scarsella, supra* at 65. Here, plaintiff filed the affidavit of merit beyond the period set by the applicable statute of limitations, but failed to move for an extension. Accordingly, plaintiff's suit was not timely commenced and the trial court properly granted summary disposition in favor of defendants.

In reaching this conclusion, we reject plaintiff's contention that the doctrines of law of the case and res judicata precluded the trial court from granting summary disposition on this ground. The purpose of the law of the case doctrine is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). In *VandenBerg I*, however, this Court was asked merely to consider the question whether dismissal was warranted where plaintiff failed to file the affidavit of merit required by MCL 600.2912d at the time she filed the complaint. See *VandenBerg I, supra* at 499. Accordingly, the panel

did not address the late filing of an affidavit of merit in the context of a statute of limitations defense and the doctrine of law of the case did not preclude defendants from raising that argument on remand.

The doctrine of res judicata is similarly inapplicable here as that doctrine operates merely to preclude similar claims raised in a *subsequent* lawsuit. *Dart v Dart*, 224 Mich App 146, 156; 568 NW2d 353 (1997). The proceeding at issue here resulted from this Court's remand order and is thus part of a continuous action and not a separate lawsuit. Accordingly, the doctrine of res judicata did not preclude defendants from raising a statute of limitations defense on remand.

Moreover, we do not agree that defendants abandoned the statute of limitations defense because they did not file a cross-appeal in *VandenBerg I*. This Court has held that, generally, "a cross-appeal is not necessary to urge an alternative ground for affirmance, even if the alternative ground was considered and rejected by the lower court or tribunal." *Boardman v Dep't of State Police*, 243 Mich App 351, 358; 622 NW2d 97 (2000). Accordingly, defendants were not required to raise this argument in a cross-appeal in *VandenBerg I*.

We affirm.